Nov. Term,
1856.

MARSHALL
v.
THE STATE.

The judgment is affirmed.

*J. Brownlee,* for the State.

*J. M. Harlan,* for the appellee.

(1) *Ante,* 409.

---

## MARSHALL *v.* THE STATE.

Where several persons are jointly charged, but separately tried, they are competent witnesses for each other, if they consent to testify.

On trial for assault and battery, the defendant may give in evidence a transcript of a justice of the peace setting forth a conviction for an assault and battery upon the same party; but unless the transactions be identified, it will be but a link in the chain of evidence going to show a former conviction.

APPEAL from the *Henry* Court of Common Pleas.

*Friday,*
*January 23,*
1857.

*Per Curiam.*—Information for assault and battery. *Marshall* offered as a witness one *Cray,* charged in the information for the same offense, but who was not on trial, and was willing to testify. On objection made, the Court excluded the witness, and *Marshall* excepted. This was erroneous. Where several persons are jointly charged but separately tried, they are competent witnesses for each other if they consent to testify. *Everett* v. *The State,* 6 Ind. R. 495.

The transcript of a justice of the peace, setting forth a conviction of *Marshall* for an assault and battery on the same party, was offered in evidence, but being objected to, was excluded. This was also erroneous. It should have gone to the jury for what it was worth. To reap any benefit from it, *Marshall* must still identify the transaction; otherwise it was but a link in the chain of evidence going to show a former conviction for the same offense.

The judgment is reversed with costs. Cause re- Nov. Term, manded, &c.

W. *Grose*, for the appellant.

J. *Brown*, for the State.